UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM IRVING,<br><br>   Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC. and<br>THE SOUTHLAND CORPORATION<br><br>   Defendants. | C.A. No. 05-CV-10054 EFH |

**DEFENDANTS 7-ELEVEN, INC. AND
THE SOUTHLAND CORPORATION'S ANSWER
TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

The defendant, 7-Eleven, Inc. (also erroneously sued as The Southland Corporation) (the "Defendant"), hereby responds to the allegations contained in the plaintiff's complaint as follows:

## JURISDICTION

1. The defendant denies the allegations set forth in paragraph 1 of the plaintiff's complaint.

2. The defendant denies the allegations set forth in paragraph 2 of the plaintiff's complaint.

3. The defendant denies the allegations set forth in paragraph 3 of the plaintiff's complaint.

## PARTIES

4. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint. To the extent that an answer is required, the allegations are denied.

5. The defendant admits the allegations set forth in paragraph 5 of the plaintiff's complaint.

6. The defendant denies the allegations set forth in paragraph 6 of the plaintiff's complaint.

## STATEMENT OF FACTS

7. The defendant denies the allegations set forth in paragraph 7 of the plaintiff's complaint.

8. The defendant denies the allegations set forth in paragraph 8 of the plaintiff's complaint.

9. The defendant denies the allegations set forth in paragraph 9 of the plaintiff's complaint.

10. The defendant denies the allegations set forth in paragraph 10 of the plaintiff's complaint.

11. The defendant denies the allegations set forth in paragraph 11 of the plaintiff's complaint.

12. The defendant denies the allegations set forth in paragraph 12 of the plaintiff's complaint.

13. The defendant denies the allegations set forth in paragraph 13 of the plaintiff's complaint.

14. The defendant denies the allegations set forth in paragraph 14 of the plaintiff's complaint.

15. The defendant denies the allegations set forth in paragraph 15 of the plaintiff's complaint.

16. The defendant denies the allegations set forth in paragraph 16 of the plaintiff's complaint.

17. The defendant denies the allegations set forth in paragraph 17 of the plaintiff's complaint.

18. The defendant denies the allegations set forth in paragraph 18 of the plaintiff's complaint.

19. The defendant denies the allegations set forth in paragraph 19 of the plaintiff's complaint.

20. The defendant denies the allegations set forth in paragraph 20 of the plaintiff's complaint.

21. The defendant denies the allegations set forth in paragraph 21 of the plaintiff's complaint.

### FIRST CLAIM
(*William Irving v. 7-Eleven, Inc.*)

22. The defendant restates and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 21 of the plaintiff's complaint.

23. The defendant denies the allegations set forth in paragraph 23 of the plaintiff's complaint.

## SECOND CLAIM
*(William Irving v. The Southland Corporation)*

18.(sic) The defendant restates and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 23 of the plaintiff's complaint.

19.(sic) The defendant denies the allegations set forth in paragraph 19 (sic) of the plaintiff's complaint.

## RELIEF REQUESTED

A-B: These paragraphs set forth the "relief" requested by the plaintiff and for which no answer is required by the defendant. To the extent that these paragraphs set forth allegations requiring a response of the defendant, the same are denied.

## DEFENSES

## FIRST DEFENSE

The complaint should be dismissed for insufficiency of process.

## SECOND DEFENSE

The complaint should be dismissed for insufficiency of service of process.

## THIRD DEFENSE

The plaintiff's complaint is barred because it fails to state a cause of action upon which relief can be granted.

## FOURTH DEFENSE

If the plaintiff was injured as alleged, which the defendant denies, said injury was not a result of the action or inactions of anyone for whom the defendant is legally liable or responsible.

## FIFTH DEFENSE

The negligent acts or omissions alleged in the plaintiff's complaint were committed, if at all, by a person for whose conduct the defendant is not responsible.

## SIXTH DEFENSE

The plaintiff's own negligence caused or contributed to the accident or injury alleged and, if the plaintiff is entitled to recover in this action, his damages should be reduced by the percentage of negligence attributable to the plaintiff.

## SEVENTH DEFENSE

Plaintiff's negligence and carelessness exceeded that of the defendant, therefore the plaintiff is precluded from recovering any damages.

## EIGHTH DEFENSE

The defendant did not have notice of any defect on the premises.

## NINTH DEFENSE

Any alleged defect on the premises was open and obvious, therefore, the plaintiff cannot recover.

## TENTH DEFENSE

The defendant did not own, control or maintain the premises where the plaintiff allegedly fell, therefore, the defendant cannot be held liable for the incident and injuries alleged in the complaint.

## ELEVENTH DEFENSE

The complaint should be dismissed for failure to include an indispensable party.

## TWELFTH DEFENSE

The complaint should be dismissed due to the misnomer of a party.

## THIRTEENTH DEFENSE

The complaint is barred by the statute of limitations.

WHEREFORE, the defendant, 7-Eleven, Inc. (also erroneously sued as The Southland Corporation), demands that the plaintiff's complaint be dismissed and that it be awarded its attorneys' fees and costs.

**DEFENDANT 7-ELEVEN, INC., (ALSO ERRONEOUSLY SUED AS THE SOUTHLAND CORPORATION) DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Defendants,
7-ELEVEN, INC. and
THE SOUTHLAND CORPORATION,
By their attorneys,

Michael P. Giunta, BBO No. 543768
Janet Barringer Pezzulich, BBO No. 642442
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Date: May 20, 2005

6