UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA A. FENTON, Executrix of<br>The Estate of WILLIAM IRVING,<br><br>  Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC. and<br>THE SOUTHLAND CORPORATION<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-CV-10054 EFH<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS 7-ELEVEN, INC. AND
THE SOUTHLAND CORPORATION'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

The defendant, 7-Eleven, Inc. (also erroneously sued as The Southland Corporation) (the "Defendant"), hereby responds to the allegations contained in the plaintiff's amended complaint as follows:

**JURISDICTION**

1. The defendant denies the allegations set forth in paragraph 1 of the plaintiff's amended complaint.

2. The defendant denies the allegations set forth in paragraph 2 of the plaintiff's amended complaint.

3. The defendant denies the allegations set forth in paragraph 3 of the plaintiff's amended complaint.

## PARTIES

4. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's amended complaint. To the extent that an answer is required, the allegations are denied.

5. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's amended complaint. To the extent that an answer is required, the allegations are denied.

6. The defendant admits the allegations set forth in paragraph 6 of the plaintiff's amended complaint.

7. The defendant denies the allegations set forth in paragraph 7 of the plaintiff's amended complaint.

## STATEMENT OF FACTS

8. The defendant denies the allegations set forth in paragraph 8 of the plaintiff's amended complaint.

9. The defendant denies the allegations set forth in paragraph 9 of the plaintiff's amended complaint.

10. The defendant denies the allegations set forth in paragraph 10 of the plaintiff's amended complaint.

11. The defendant denies the allegations set forth in paragraph 11 of the plaintiff's amended complaint.

12. The defendant denies the allegations set forth in paragraph 12 of the plaintiff's amended complaint.

13. The defendant denies the allegations set forth in paragraph 13 of the plaintiff's amended complaint.

14. The defendant denies the allegations set forth in paragraph 14 of the plaintiff's amended complaint.

15. The defendant denies the allegations set forth in paragraph 15 of the plaintiff's amended complaint.

16. The defendant denies the allegations set forth in paragraph 16 of the plaintiff's amended complaint.

17. The defendant denies the allegations set forth in paragraph 17 of the plaintiff's amended complaint.

18. The defendant denies the allegations set forth in paragraph 18 of the plaintiff's amended complaint.

19. The defendant denies the allegations set forth in paragraph 19 of the plaintiff's amended complaint.

20. The defendant denies the allegations set forth in paragraph 20 of the plaintiff's amended complaint.

21. The defendant denies the allegations set forth in paragraph 21 of the plaintiff's amended complaint.

22. The defendant denies the allegations set forth in paragraph 22 of the plaintiff's amended complaint.

## FIRST CLAIM
*(Patricia A. Fenton, Executrix of the Estate of William Irving v. 7-Eleven, Inc.)*

23. The defendant restates and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 23 of the plaintiff's amended complaint.

24. The defendant denies the allegations set forth in paragraph 24 of the plaintiff's amended complaint.

## SECOND CLAIM
*(Patricia A. Fenton, Executrix of the Estate of William Irving v. The Southland Corporation)*

25. The defendant restates and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 24 of the plaintiff's amended complaint.

26. The defendant denies the allegations set forth in paragraph 26 of the plaintiff's amended complaint.

## RELIEF REQUESTED

A-B: These paragraphs set forth the "relief" requested by the plaintiff and for which no answer is required by the defendant. To the extent that these paragraphs set forth allegations requiring a response of the defendant, the same are denied.

## DEFENSES

### FIRST DEFENSE

The amended complaint should be dismissed for insufficiency of process.

### SECOND DEFENSE

The amended complaint should be dismissed for insufficiency of service of process.

### THIRD DEFENSE

The plaintiff's amended complaint is barred because it fails to state a cause of action upon which relief can be granted.

### FOURTH DEFENSE

If the plaintiff's decedent was injured as alleged, which the defendant denies, said injury was not a result of the action or inactions of anyone for whom the defendant is legally liable or responsible.

**FIFTH DEFENSE**

The negligent acts or omissions alleged in the plaintiff's amended complaint were committed, if at all, by a person for whose conduct the defendant is not responsible.

**SIXTH DEFENSE**

The plaintiff's decedent's own negligence caused or contributed to the accident or injury alleged and, if the plaintiff is entitled to recover in this action, her damages should be reduced by the percentage of negligence attributable to the plaintiff's decedent.

**SEVENTH DEFENSE**

The plaintiff's decedent's negligence and carelessness exceeded that of the defendant, therefore the plaintiff is precluded from recovering any damages.

**EIGHTH DEFENSE**

The defendant did not have notice of any defect on the premises.

**NINTH DEFENSE**

Any alleged defect on the premises was open and obvious, therefore, the plaintiff cannot recover.

**TENTH DEFENSE**

The defendant did not own, control or maintain the premises where the plaintiff's decedent allegedly fell, therefore, the defendant cannot be held liable for the incident and injuries alleged in the amended complaint.

**ELEVENTH DEFENSE**

The amended complaint should be dismissed for failure to include an indispensable party.

**TWELFTH DEFENSE**

The amended complaint should be dismissed due to the misnomer of a party.

**THIRTEENTH DEFENSE**

The amended complaint is barred by the statute of limitations.

WHEREFORE, the defendant, 7-Eleven, Inc. (also erroneously sued as The Southland Corporation), demands that the plaintiff's amended complaint be dismissed and that it be awarded its attorneys' fees and costs.

**DEFENDANT 7-ELEVEN, INC. (ALSO ERRONEOUSLY SUED AS THE SOUTHLAND CORPORATION) DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

>Defendants,
>7-ELEVEN, INC. and
>THE SOUTHLAND CORPORATION,
>By their attorneys,
>
>/s/ Janet B. Pezzulich
>Michael P. Giunta, BBO No. 543768
>Janet B. Pezzulich, BBO No. 642442
>DONOVAN HATEM LLP
>Two Seaport Lane
>Boston, MA  02210
>617-406-4500

Date:   December 13, 2005

00963731
24488.2

6