UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA A. FENTON, Executrix of<br>The Estate of WILLIAM IRVING,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC. and<br>THE SOUTHLAND CORPORATION<br><br>Defendants. | C.A. No. 05-CV-10054 EFH |

## DEFENDANT 7-ELEVEN, INC.'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND CERTIFICATION OF COMPLIANCE WITH LOCAL RULES

The defendant 7-Eleven, Inc. (also erroneously sued as The Southland Corporation), by and through its attorneys, Donovan Hatem LLP, hereby moves, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 for an order compelling the plaintiff to respond to requests for production of documents directed to her. The defendant served document requests on the plaintiff on December 20, 2005. (See defendant's first set of requests for the production of documents directed to the plaintiff attached hereto as <u>Exhibit A</u>.) The time period by which the plaintiff was to serve her responses elapsed long ago.

In accordance with Local Rule 37.1, counsel for the defendant conferred via telephone conference in good faith with plaintiff's counsel on March 17, 2006, in order to obviate the filing of this motion. During that conversation (and during prior conversations) plaintiff's counsel stated that he intended to (again) amend the complaint as to the named defendants and, as a result of the amendment, move to transfer this case *imminently* to the state court since diversity

jurisdiction will not exist with the inclusion of the soon-to-be-added defendant. Based on that representation, responding to the document requests for the federal court action would not be necessary since the case was soon to be removed. Unfortunately, almost two weeks have passed since that promise by plaintiff's counsel to transfer the case to state court, and neither a motion to transfer nor the document responses have been received by the undersigned counsel. The dissatisfaction of counsel for the defendant as to the lack of any activity by plaintiff's counsel has caused the undersigned to seek a court order compelling the plaintiff to respond to the long overdue document requests in accordance with L.R. 37.1.

    This case arises out of an alleged slip-and-fall incident at a 7-Eleven store in Billerica on January 13, 2002. As a result of the fall, the plaintiff's decedent allegedly sustained personal injuries. Since that alleged incident, the decedent has died from causes unrelated to the subject incident. The defendant is prejudiced by the delay of plaintiff in answering discovery and is unable to prepare a defense to the allegations contained in the amended complaint because of the lack of information produced by plaintiff.

WHEREFORE, for the foregoing reasons, and in accordance with F.R.C.P. 37 and Local Rule 37.1, the defendant requests that this court order the plaintiff to respond to the requests for the production of documents directed to her within ten days from the allowance of this motion.

Defendants,
7-ELEVEN, INC. and
THE SOUTHLAND CORPORATION,
By their attorneys,

/s/ Janet B. Pezzulich
Michael P. Giunta, BBO No. 543768
Janet B. Pezzulich, BBO No. 642442
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Date: March 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this Defendant 7-Eleven, Inc.'s Motion To Compel Responses to the Requests for the Production of Documents And Certification Of Compliance With Local Rules filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants March 28, 2006.

/s/ Janet B. Pezzulich

00989315
24488.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA A. FENTON, Executrix of <br> The Estate of WILLIAM IRVING, <br><br> Plaintiff, <br><br> v. <br><br> 7-ELEVEN, INC. and <br> THE SOUTHLAND CORPORATION <br><br> Defendants. | C.A. No. 05-CV-10054 EFH |

### DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

The defendant, 7-Eleven, Inc., requests that the documents listed below be produced for inspection and copying pursuant to Rule 34(a) and (b) of the Federal Rules of Civil Procedure:

1. Any and all written statements and/or reports, signed, or unsigned of any agent, servants or employee of the defendants relative to the incident as alleged in the plaintiff's amended complaint.

2. Any and all written statements and/or reports, signed or unsigned, of any and all witnesses to the accident as alleged in the plaintiff's amended complaint.

3. Color photocopies of any and all photographs and/or diagrams of the accident referred to in the plaintiff's amended complaint, the location where the accident referred to in the plaintiff's amended complaint and the injuries allegedly sustained by the late William Irving (hereinafter "the decedent").

4. Any and all medical reports and/or letters from physicians, chiropractors or other health providers who treated the decedent relative to the injuries sustained or alleged to have been sustained by the decedent, as a result of the alleged incident.

5. Any and all hospital records or reports relative to the injuries sustained or alleged to have been sustained by the decedent as a result of the alleged incident.

6. Any and all medical bills relating to the treatment of the injuries sustained or alleged to have been sustained by the decedent as a result of the alleged incident.

7. All correspondence, reports, records and documents of every nature relating to the decedent's work schedules, lost time from work, profits derived from work activities and earnings from any source for the past six (6) years.

8. Any and all reports, records, memoranda, correspondence and documents filed with state, local or municipal government, including but not limited to any accident or police reports, relating to the allegations set forth in the plaintiff's amended complaint.

9. The curriculum vitae of any expert, in addition to any and all reports, records, documents and correspondence prepared or completed by any expert or experts concerning the events alleged in the plaintiff's amended complaint not subject to the work product protection of Rule 26 of the Federal Rules of Civil Procedure.

10. Any and all medical reports and/or letters from physicians, chiropractors or other healthcare providers who treated the decedent relative to injuries and/or physical, medical or mental health conditions of the decedent for 1995 through the present.

11. Any and all hospital records or reports relative to injuries and/or physical, medical or mental health conditions of the decedent for 1995 through the date of his death.

12. Any and all notes, memoranda, correspondence or similar documents prepared by the decedent or plaintiff concerning the events which form the basis of the allegations in the plaintiff's amended complaint and which were prepared prior to the making of the claim against the defendants.

13. Copies of any and all criminal complaints, convictions, probation orders, or documents of any kind relating to the decedent's felony convictions within the past ten (10) years and the decedent's misdemeanor convictions within the past five (5) years.

14. All autopsy reports of decedent.

15. All medical reports submitted by or on behalf of the decedent substantiating his claim for social security disability income from 1990 through the date of his death.

>Defendants,
>7-ELEVEN, INC. and
>THE SOUTHLAND CORPORATION,
>By their attorneys,
>
>*/s/ Janet B. Pezzulich/*
>Michael P. Giunta, BBO No. 543768
>Janet B. Pezzulich, BBO No. 642442
>DONOVAN HATEM LLP
>Two Seaport Lane
>Boston, MA 02210
>617-406-4500

Date: December 20, 2005

## CERTIFICATE OF SERVICE

    I, Janet B. Pezzulich, hereby certify that I have this day served a copy of the Defendant's First Set of Requests for the Production of Documents Directed to Plaintiff, by mailing a copy, first class mail, postage prepaid, to:

> Carmen L. Durso, Esq.
> 100 Summer Street, Suite 3232
> Boston, MA 02110

Date: December 20, 2005

*/s/ Janet B. Pezzulich*
Janet B. Pezzulich

00965651
24488.2

4