UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA A. FENTON, Executrix of )<br>The Estate of WILLIAM IRVING, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>7-ELEVEN, INC. and )<br>THE SOUTHLAND CORPORATION )<br> )<br>Defendants. ) | C.A. No. 05-CV-10054 EFH |

### DEFENDANT 7-ELEVEN, INC.'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND CERTIFICATION OF COMPLIANCE WITH LOCAL RULES

The defendant 7-Eleven, Inc. (also erroneously sued as The Southland Corporation), by and through its attorneys, Donovan Hatem LLP, hereby moves, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 for an order compelling the plaintiff to answer interrogatories directed to her. The defendant served interrogatories on the plaintiff on December 20, 2005. (See defendant's interrogatories attached hereto as <u>Exhibit A</u>.) The time period by which the plaintiff was to serve answers elapsed long ago.

In accordance with Local Rule 37.1, counsel for the defendant conferred via telephone conference in good faith with plaintiff's counsel on March 17, 2006, in order to obviate the filing of this motion. During that conversation (and during prior conversations) plaintiff's counsel stated that he intended to (again) amend the complaint as to the named defendants and, as a result of the amendment, move to transfer this case *imminently* to the state court since diversity jurisdiction will not exist with the inclusion of the soon-to-be-added defendant. Based on that

representation, the answering of interrogatories in the federal court action would not be necessary since the case was soon to be removed. Unfortunately, almost two weeks have passed since that promise by plaintiff's counsel to transfer the case to state court, and neither a motion to transfer nor the answers to interrogatories have been received by the undersigned counsel. The dissatisfaction of counsel for the defendant as to the lack of any activity by plaintiff's counsel has caused the undersigned to seek a court order compelling the plaintiff to answer the long overdue interrogatories in accordance with L.R. 37.1.

This case arises out of an alleged slip-and-fall incident at a 7-Eleven store in Billerica on January 13, 2002. As a result of the fall, the plaintiff's decedent allegedly sustained personal injuries. Since that alleged incident, the decedent has died from causes unrelated to the subject incident. Plaintiff has not answered a single interrogatory in this case. The defendant is prejudiced by the delay of plaintiff in answering discovery and is unable to prepare a defense to the allegations contained in the amended complaint because of the lack of information produced by plaintiff.

WHEREFORE, for the foregoing reasons, and in accordance with F.R.C.P. 37 and Local Rule 37.1, the defendant requests that this court order the plaintiff to answer interrogatories directed to her within ten days from the allowance of this motion.

                                            Defendants,
                                            7-ELEVEN, INC. and
                                            THE SOUTHLAND CORPORATION,
                                            By their attorneys,

                                            /s/ Janet B. Pezzulich
                                            Michael P. Giunta, BBO No. 543768
                                            Janet B. Pezzulich, BBO No. 642442
                                            DONOVAN HATEM LLP
                                            Two Seaport Lane
                                            Boston, MA 02210
Date:  March 28, 2006                   617-406-4500

## CERTIFICATE OF SERVICE

I hereby certify that this Defendant 7-Eleven, Inc.'s Motion To Compel Answers To Interrogatories And Certification Of Compliance With Local Rules filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants March 28, 2006.

                                       /s/ Janet B. Pezzulich

00989315
24488.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA A. FENTON, Executrix of )<br>The Estate of WILLIAM IRVING, )<br>                           )<br>            Plaintiff,     )<br>                           )<br>v.                         )<br>                           )<br>7-ELEVEN, INC. and         )<br>THE SOUTHLAND CORPORATION  )<br>                           )<br>            Defendants.    )<br>_____) | C.A. No. 05-CV-10054 EFH |

## DEFENDANT'S FIRST SET OF
## INTERROGATORIES DIRECTED TO PLAINTIFF

### INTERROGATORY NO. 1

State your name, residential address, date of birth, social security number, business address and business title, relationship to the late William Irving (hereinafter "the decedent"), date of your appointment as executrix of the estate of the decedent, the court of appointment and docket number.

### INTERROGATORY NO. 2

Identify the decedent's full name, date of birth, social security number, residential address, and business title and business address at the time of the alleged accident.

### INTERROGATORY NO. 3

State in full and complete detail how the accident alleged in the amended complaint occurred, including the time, date, location and the names and addresses of all witnesses to the alleged accident.

**INTERROGATORY NO. 4**

Identify as accurately as possible all people in the immediate area where you allege that the decedent was injured on the date of the accident alleged in the amended complaint.

**INTERROGATORY NO. 5**

State everything that the decedent did in the two-hour period before arriving at the subject store at the time of the alleged January 13, 2002, incident.

**INTERROGATORY NO. 6**

After the incident alleged in the amended complaint, did the decedent enter the subject store? If no, why not? If yes, with whom and about what did they speak?

**INTERROGATORY NO. 7**

State whether the decedent, or anyone on his behalf, filed (or intends to file) a claim with any other company or person for the alleged accident or injuries alleged in the amended complaint.

**INTERROGATORY NO. 8**

Itemize all of the decedent's medical bills and charges related to the subject accident, including but not limited to each hospital bill, each doctor's bill, each diagnostic test, and any and all therapy or other therapeutic treatment.

**INTERROGATORY NO. 9**

Please attach copies of all photographs taken by the decedent, or at the decedent's or your requests which evidence the area of the accident or the injuries alleged in the amended complaint.

**INTERROGATORY NO. 10**

State in full and complete detail any act or omission by defendants or their agents or employees that you claim caused or contributed to the accident alleged in the amended

complaint, giving dates, locations, and the full identity of any person involved in said act or omission.

## INTERROGATORY NO. 11

State in full and complete detail any and all statements or conversations that the decedent had with the defendants, their agents or employees stating the full text of said communications or conversations, and the locations and identities of others who were present at the time of said statements or conversations.

## INTERROGATORY NO. 12

Identify in complete detail the injuries and other damages which the decedent suffered as a result of the incident alleged in the amended complaint.

## INTERROGATORY NO. 13

Identify each and every expert witness you intend to call as a witness at trial including in your answer the following:

    a.    the full name, business address, specialty or expertise of said witness, educational background, professional background and current occupation of the expert;

    b.    the facts, basis, data, and other information upon which the experts will base their opinions in this matter;

    c.    the full opinion of each such expert; and

    d.    kindly attach a copy of the current curriculum vitae of each such expert.

## INTERROGATORY NO. 14

Describe any other monetary damages or out-of-pocket losses sustained by the decedent that has not been itemized in the interrogatories above.

## INTERROGATORY NO. 15

Please identify all next of kin to the decedent including, but not limited to, spouse, children, siblings, parents, and their names, ages and residential addresses.

## INTERROGATORY NO. 16

State the identities of any other witnesses, by name, address, and business address, that you expect will support your claim that the defendants engaged in some act or omission that in some way led to the subject accident, including a summary of their expected testimony.

## INTERROGATORY NO. 17

If the decedent consumed any alcohol, medication or controlled substance within the six (6) hours preceding the incident alleged in your amended complaint, identify in your answer the type and amount of alcohol, medication or controlled substance, and reason(s) for such consumption.

## INTERROGATORY NO. 18

State where the decedent went immediately following the alleged incident, including how he got there and with whom he went.

## INTERROGATORY NO. 19

Identify the decedent's primary physician(s) from 1992 through the present, including the names(s), address(es) and years of treatment.

## INTERROGATORY NO. 20

Identify all claims and lawsuits filed by the decedent, including the reason for filing, the circumstances leading him to the filing, the court or company where he filed, the date filed and the disposition of those claims and lawsuits.

**INTERROGATORY NO. 21**

Describe all injuries sustained by the decedent from January 1992 through the present, including the date of injury, the type of injuries and providers, if any, who treated the decedent for such injuries.

**INTERROGATORY NO. 22**

Identify all times prior to and after the incident alleged in the amended complaint that the decedent you visited the 7-Eleven store identified in your amended complaint, including the date(s) of the visit(s) and reason(s) for the visit(s).

**INTERROGATORY NO. 23**

Identify all beneficiaries for whose benefit this action is brought, including each beneficiary's name, date of birth, social security number, residential address and relationship to the decedent.

**INTERROGATORY NO. 24**

With respect to each of the beneficiaries identified in your answer to interrogatory No. 23, please state, for the five years prior to the date of the decedent's death:

    a.    the amount of time the decedent spent with each beneficiary each week;

    b.    how often the decedent spent time with each beneficiary;

    c.    the nature of the activities the decedent participated in with each beneficiary;

    d.    all specific services provided by the decedent to each beneficiary;

    e.    the nature of all care, assistance, society, companionship, comfort, guidance, counsel, and advice the decedent gave each beneficiary.

Defendants,
7-ELEVEN, INC. and
THE SOUTHLAND CORPORATION,
By their attorneys,

Date: December 20, 2005

Michael P. Giunta, BBO No. 543768
Janet B. Pezzulich, BBO No. 642442
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

## CERTIFICATE OF SERVICE

I, Janet B. Pezzulich, hereby certify that I have this day served a copy of the Defendant's First Set of Interrogatories Directed to Plaintiff, by mailing a copy, first class mail, postage prepaid, to:

Carmen L. Durso, Esq.
100 Summer Street, Suite 3232
Boston, MA 02110

Date: December 20, 2005

Janet B. Pezzulich

24488.2
00965712

6