UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 MAY 22 A 9: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

*********************************************************
PATRICIA A. FENTON, EXECUTRIX
of the ESTATE OF WILLIAM IRVING,
Plaintiff

v.

C. A. No. 05-10054-EFH

7-ELEVEN, INC., THE SOUTHLAND
CORPORATION, METRO MART, INC.,
and 7-ELEVEN EMPLOYEES' TRUST,
Defendants
*********************************************************

# SECOND AMENDED COMPLAINT

## JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, in that plaintiff, PATRICIA A. FENTON, is the duly appointed Executrix of the Estate of WILLIAM IRVING ("plaintiff's decedent"), plaintiff's decadent was a citizen of the Commonwealth of Massachusetts, the defendants 7-ELEVEN, INC., and THE SOUTHLAND CORPORATION, are each citizens of the State of Texas, the defendant 7-ELEVEN EMPLOYEES' TRUST is a citizen of the State of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The Court has jurisdiction over the defendant 7-ELEVEN, INC., under Massachusetts General Laws, Chapter 223A, §3(a),(b) & (c), in that the defendant, at all relevant times, transacted business, contracted to supply services, and caused tortious injury by acts and omissions, in the Commonwealth of Massachusetts.

3. The Court also has jurisdiction over the defendants THE SOUTHLAND CORPORATION and 7-ELEVEN EMPLOYEES' TRUST, under Massachusetts General Laws, Chapter 223A, §3(e), in that the defendants, at all relevant times, had an interest in, used, and possessed real property in the Commonwealth of Massachusetts.

## PARTIES

4. The plaintiff, PATRICIA A. FENTON, was duly appointed Executrix of the Estate of William Irving ("plaintiff's decedent"), by the Middlesex Probate and Family Court Department, Docket No. 05P3918EP1, on November 25, 2005.

5. Plaintiff's decedent, WILLIAM IRVING ("WILLIAM"), was a citizen of the Commonwealth of Massachusetts, with an usual place of residence at 20 Hemlock Lane, Bedford, Massachusetts.

6. The defendant 7-ELEVEN, INC. ("7-ELEVEN"), is a citizen of the State of Texas, being a corporation duly organized under its laws, and having its principal place of business at 2711 North Haskell Avenue, Dallas, Texas.

7. The defendant THE SOUTHLAND CORPORATION ("SOUTHLAND") is a citizen of Texas, being a corporation duly organized under its laws, and having its principal place of business at 2711 North Haskell Avenue, Dallas, Texas.

8. The defendant METRO MART, INC. ("METRO MART"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts, and having its principal place of business at 826 Boston Road, Billerica, Middlesex County, Massachusetts.

9. The defendant 7-ELEVEN EMPLOYEES' TRUST ("7-ELEVEN TRUST"), is a trust

duly organized under the laws of the State of California, and having its principal place of business c/o U.S. Trust Co., N.A., 515 South Flower Street, Suite 2700, Los Angeles, CA .

## STATEMENT OF FACTS

10. At all times relevant to this action, defendants SOUTHLAND, 7-ELEVEN, METRO MART and 7-ELEVEN TRUST, were the owners, and/or were responsible for the operation, supervision, control and management, of a Seven Eleven Convenience Store located at 826 Boston Road, Billerica, Massachusetts ("The Store").

11. At all times relevant to this action, plaintiff's decedent WILLIAM was lawfully in the parking lot of the store, as a customer of The Store.

12. On or about January 13, 2002, plaintiff's decedent, WILLIAM, while lawfully on the premises as a potential customer, slipped and fell upon a walkway leading to the store, owned, operated, controlled, managed and maintained by the defendants.

13. Plaintiff's decedent, WILLIAM, slipped and fell because of an unnatural accumulation of rain, ice and snow, which was present in said condition for a sufficient length of time so that it should have been seen by the defendants.

14. As a direct and proximate result of the defendants' negligence, the premises were in a dangerous and unsafe condition, causing plaintiff's decedent, WILLIAM, while he was in the exercise of due care, to fall and to suffer permanent injuries.

15. The defendants were under a duty to operate, control, manage and maintain the premises in a safe condition for business invitees and to make reasonable inspection of said premises to discover conditions presenting dangers to said invitees.

16. Plaintiff's decedent's injuries were a direct result of the failure of the defendants, their agents and employees, to maintain the parking lot and sidewalk around the store in a safe and proper condition.

17. The defendants failed to protect persons lawfully on the premises outside the store from reasonably foreseeable harm as a result of the condition of the sidewalk and parking lot.

18. The defendants knew, or in the exercise of reasonable care should have known, about the condition of the area outside the store prior to this accident.

19. The defendants breached said duty of care by failing to maintain the premises in a safe condition and by failing to make reasonable inspections to discover those dangers which they knew or should have known to exist on said premises.

20. The defendants failed to warn plaintiff's decedent of this danger.

21. As a direct and proximate result of the defendants' negligence, plaintiff's decedent, WILLIAM, was caused to fall and was grievously injured, suffered great pain of body and anguish of mind, and incurred expenses for medical treatment and care.

22. As a result of the defendants' negligence, plaintiff's decedent WILLIAM was seriously and permanently injured, suffered from his injuries, which affected all aspects of his life.

23. Plaintiff's decedent gave proper and timely notice to the defendants of his injuries as required by Massachusetts General Laws, Chapter 84, §§17 - 21.

## CLAIMS FOR RELIEF

### FIRST CLAIM

24. Plaintiff realleges paragraphs 1 through 23.

25. As a direct and proximate result of the defendant 7-ELEVEN, INC.'s negligence, plaintiff's decedent, WILLIAM IRVING, was caused to fall and was grievously injured, suffered great pain of body and anguish of mind, and incurred expenses for medical treatment and care.

### SECOND CLAIM

26. Plaintiff realleges paragraphs 1 through 23.

27. As a direct and proximate result of the defendant THE SOUTHLAND CORPORATION's negligence, plaintiff's decedent, WILLIAM IRVING, was caused to fall and was grievously injured, suffered great pain of body and anguish of mind, and incurred expenses for medical treatment and care.

### THIRD CLAIM

28. Plaintiff realleges paragraphs 1 through 23.

29. As a direct and proximate result of the defendant METRO MART, INC.'s negligence, plaintiff's decedent, WILLIAM IRVING, was caused to fall and was grievously injured, suffered great pain of body and anguish of mind, and incurred expenses for medical treatment and care.

### FOURTH CLAIM

30. Plaintiff realleges paragraphs 1 through 23.

31. As a direct and proximate result of the defendant 7-ELEVEN EMPLOYEES' TRUST's negligence, plaintiff's decedent, WILLIAM IRVING, was caused to fall and was grievously injured, suffered great pain of body and anguish of mind, and incurred expenses for medical treatment and care.

## RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

A.  On the First Claim, against defendant 7-ELEVEN, Inc., for the injuries sustained, and the pain and suffering endured, by plaintiff's decedent, WILLIAM IRVING, in an amount which is fair, just and adequate for the injuries sustained, plus interest and costs.

B.  On the Second Claim, against defendant THE SOUTHLAND CORPORATION, for the injuries sustained, and the pain and suffering endured, by plaintiff's decedent, WILLIAM IRVING, in an amount which is fair, just and adequate for the injuries sustained, plus interest and costs.

C.  On the Third Claim, against defendant METRO MART, INC., for the injuries sustained, and the pain and suffering endured, by plaintiff's decedent, WILLIAM IRVING, in an amount which is fair, just and adequate for the injuries sustained, plus interest and costs.

D.  On the Fourth Claim, against defendant 7-ELEVEN EMPLOYEES' TRUST, for the injuries sustained, and the pain and suffering endured, by plaintiff's decedent, WILLIAM IRVING, in an amount which is fair, just and adequate for the injuries sustained, plus interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By her Attorney,

*[signature]*

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
100 Summer Street, Suite 3232
Boston, MA 02110-2104
617-728-9123
May 10, 2006